Phillip D. Graham v. Commissioner.
Graham v. Commissioner
Docket No. 41320.
United States Tax Court
1953 Tax Ct. Memo LEXIS 216; 12 T.C.M. (CCH) 663; T.C.M. (RIA) 53206; June 10, 1953
*216 Phillip D. Graham, 1812 West 5th Street, Apartment 302, Los Angeles, Calif., pro se. George E. Constable, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined deficiencies in income tax for the years 1948 and 1949 in the amounts of $486 and $495, respectively. The deficiencies result from disallowance of all of the amounts deducted in the returns for travel expense alleged to have been incurred while away from home in pursuit of business activities. Findings of Fact Petitioner's returns for the taxable years were filed with the collector for the eighth district of Illinois. The petitioner is unmarried. He is now a resident of Los Angeles, California. During 1948 and 1949, his residence was located in Urbana, Illinois, where he lived with his mother when he was not away on business engagements. He kept his clothes and personal belongings there; his personal mail was received there; and he paid personal property taxes to Champaign County, Illinois, where the town of Urbana is located. He held a driver's license from the State of Illinois in 1948 and 1949, and a library card from the public library *217 of Urbana during 1948 and 1949. He returned to his home in Urbana for vacations and when he was not employed. During the first six or seven weeks of 1948, petitioner was self-employed as a magician putting on shows in and near Urbana, Illinois. On February 21, 1948, petitioner entered into an employment contract with the Harrow M. Rickard Company which was engaged in the business of producing "home talent" shows sponsored through civic organizations in small towns throughout the midwest. The Harlow M. Rickard Company maintains its home office at Marlene, Wisconsin. During the period of his employment by the Rickard Company, petitioner's headquarters were at the company's home office in Marlene, Wisconsin. Petitioner was employed by the Rickard Company as a booking agent. He was employed by that company from February 21 to December 3, 1948, when he resigned because the financial arrangements under his employment contract were not satisfactory. Petitioner returned to him home in Urbana in December 1948 after he resigned from his job. In the early part of 1949, petitioner entered into a new employment contract with the Rickard Company, and he was employed until December 20, 1949. *218 Petitioner was employed to go from Marlene, Wisconsin, to various cities and towns outside of Wisconsin, in the midwest area, to contact civic organizations which wanted to hire a director and equipment, which the Rickard Company could furnish, for the production of "home town talent" shows for the purpose of raising funds for civic benefits, or for other purposes, and to book such shows. Rickard Company, in its employment contracts with petitioner, reserved the right to direct the petitioner to go to "any section in the United States that it feels necessary to cover." Petitioner's compensation for his services consisted of commission for shows which he booked, and percentages of gross proceeds received by Rickard Company from the shows which he booked. He was given a weekly drawing account and an allowance for mileage and meals and lodging while he was on the road but all such advances were deducted from earned commissions so that petitioner, in fact, paid all of his traveling expenses out of his earnings. Rickard Company, in fact, did not pay or reimburse petitioner for his traveling expenses and he bore those expenses himself. During 1948, petitioner traveled in areas away from *219 Marlene, Wisconsin, during 252 days, and he drove his car 32,012 miles. He spent $1,512 for meals and lodging, and $1,600.60 for gasoline, oil, repairs, and other costs of driving an automobile during all of his traveling. The total traveling expense amounted to $3,112.60, for which the petitioner was not reimbursed. The petitioner deducted the foregoing amount in his return for 1948, and the respondent denied the deduction. The expense was a business expense and it was not a personal expense. During 1949, petitioner traveled in areas away from Marlene, Wisconsin, during 332 days, and drove his car 37,633 miles. He spent $1,992 for meals and lodging, and $1,881.65 for mileage and automobile expense, a total amount of $3,873.65. Petitioner was not reimbursed for any of the above traveling expense. The expense was business expense and was not personal expense. The petitioner deducted the above amount in his return for 1949, and the respondent denied the deduction. During 1948 and 1949, petitioner traveled in pursuit of his business in Illinois, Indiana, Ohio, Michigan, Minnesota, and Wisconsin. Opinion The petitioner has proved the total amounts of his traveling expenses in each *220 of the taxable years, that he paid such expenses, and that he was not reimbursed. The only question left for decision is whether the traveling expenses were incurred and paid "while away from home in the pursuit of a trade or business" within the requirements of section 23 (a) (1) (A) of the Code. The evidence establishes that petitioner's "home office" was in Marlene, Wisconsin, and that although he traveled the major part of each taxable year, petitioner had his home with his mother in Urbana, Illinois. The facts in this proceeding are similar to those in . It held that the traveling expenses in the above amounts constituted traveling expenses while away from home in the pursuit of business, and that they are deductible under section 23 (a) (1) (A). Respondent's determinations are reversed. See, also, ; ; and . The facts distinguish this case from . Decision will be entered for the petitioner.